## Elliott v. Commonwealth.

(Decided September 19, 1913).

## Appeal from Graves Circuit Court.

1. Homicide—Criminal Law—Motion for Continuance.—Where the trial court in overruling apellant's motion for a continuance, held that he might read the affidavit stating what absent witnesses would testify if present, which privilege he did not take advantage of, there is no merit in the contention that the court erred in refusing a continuance.

2. Homicide—Criminal Law—Evidence of Accomplices—Corroboration.—The claim that the evidence of the accomplices is not sufficiently corroborated to justify conviction cannot be upheld. Several witnesses testified that they saw appellant at the scene of the shooting shortly after it occurred with a pistol in his hand, and one or more witnesses testified that appellant on that day admitted that he had done the killing, and this evidence taken in connection with the evidence of the accomplices that appellant did the shooting justified the jury in reaching the conclusion it did.

3. Jury—Alleged Misconduct of Juror.—Where a statement of a juror was merely an expression of disapproval at appellant's course in changing his testimony at the second trial, it cannot be said to indicate that he had made up his mind as to appellant's guilt. (For former opinion, see 152 Ky., 791.)

W. S. FOY for appellant.

JAMES GARNETT, Attorney General, O. S. HOGAN, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is the second appeal of this case; the opinion on the former appeal will be found in 152 Ky., 791.

On the last trial from which this appeal is prosecuted appellant was convicted of voluntary manslaughter; on that trial the evidence was substantially the same as recited in the former opinion, except that Wadlington and Magness, who were jointly indicted with appellant, testified.

Magness' statement as to what occurred at the barn when Dallas was killed is in substance that when Dallas came to the barn after the other three had gone there he upbraided him (Magness) for allowing Wadlington to have his horse and buggy to follow him out the road; and that while he and Dallas were in this altercation, Wadlington attacked Dallas and struck him over the

head with a beer bottle and knocked him to his knees, and that while Dallas was on his knees Wadlington handed Elliott a pistol and told him to shoot Dallas, and that if he did not he would knock him down, and Elliott shot.

Wadlington's statement is in substance that when Dallas came into the barn he and Magness immediately engaged in a difficulty, and that Elliott interfered, and he (Elliott) and Dallas had some words, and Elliott told Dallas not to jump on the boy; that they then became engaged in a difficulty, and Dallas had an open knife in his hand and advanced upon Elliott and chased him around the buggy twice, Elliott fleeing from him, and then Elliott shot.

Appellant's first complaint is that the court erred in refusing to give him a continuance; he filed his affidavit stating what certain absent witnesses would testify if present, and the court in overruling his motion for continuance held that he might read the affidavit as the deposition of such witnesses, which privilege he did not take advantage of on the trial. The claim that the evidence of Wadlington and Magness, accomplices of appellant, is not sufficiently corroborated to justify conviction, cannot be upheld; several witnesses testified that they saw appellant at or near the barn door shortly after the shooting with a pistol in his hand, and one or more witnesses testified that appellant on that day admitted that he had done the shooting.

Certainly this evidence taken in connection with the evidence of Magness and Wadlington would justify the jury in reaching the conclusion it did.

Lastly, it is urged that a new trial should have been granted because of the misconduct of one of the jurors; appellant filed the affidavits of four parties who stated that they were present at the former trial with the juror, David Frazier, and that they heard the testimony of Elliott on that trial, and that Frazier said, at the time, "That Clarence Elliott ought to have his neck broken because he had changed his statement." This statement of the juror made at the time of the second trial referred to the change in the testimony of appellant, he having testified on the first trial that he had done the shooting, and on the second trial that Wadlington had done it.

There is nothing in this statement of the juror which indicates that he had made up his mind as to the guilt of appellant; it was merely his manner of expressing

disapproval of appellant's course in changing his testimony at the second trial, or was his way of saying that he thought it was an unwise move on appellant's part.

Upon the whole record we are of the opinion that appellant had a fair and impartial trial.

Judgment affirmed.